IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

SHAWN GARRETT SANDERS,       )
AIS 189689,                  )
                             )
          Petitioner,        )
                             )
     v.                      )     CASE NO. 1:25-CV-255-WKW
                             )              [WO]
GWENDOLYN BABERS, Warden,    )
and STEVE MARSHALL,          )
                             )
          Respondents.       )
                             )

## MEMORANDUM OPINION AND ORDER

This case is before the court on *pro se* Petitioner Shawn Garrett Sanders's

petition for writ of habeas corpus under 28 U.S.C. § 2254.  For the reasons below,

Mr. Sanders's petition will be dismissed for failure to exhaust his claims in state

court.  Additionally, a certificate of appealability will not be issued.

## I.  BACKGROUND

Mr. Sanders challenges his conviction and fifteen-year sentence he received

for enticing a child for immoral purposes imposed by the Circuit Court of Houston

County, Alabama.  (Doc. # 1 at 2.)  Mr. Sanders pleaded guilty to the charge and

was sentenced on August 15, 2023.  He did not file a direct appeal.  Independent

verification of his state court records at www.alacourt.com shows that he filed a

petition under Rule 32 of the Alabama Rules of Criminal Procedure on May 20,

2024, and that it was dismissed on November 26, 2024. *See State v. Sanders*, Circuit Court of Houston County, Alabama, Case No. CC-2023-751.60. Following dismissal of the petition on November 26, 2024, Mr. Sanders filed an "appeal" with the Supreme Court of Alabama on December 12, 2024, which the court treated as a petition for writ of mandamus. *Id*. On January 9, 2025, the court issued a deficiency notice regarding Mr. Sanders's failure to pay the filing fee or file a motion to proceed *in forma pauperis*, as well as the need to correct the certificate of service. *Id*. Because Mr. Sanders never responded to the deficiency notice, the court dismissed his petition on February 4, 2025. *Id*. Mr. Sanders then filed the instant § 2254 petition on February 6, 2025.

In Alabama, a petitioner has 42 days from pronouncement of his sentence to file a notice of a direct appeal. Ala. R. App. P. 4(b)(1). In the case of a conviction appealed to the Alabama Court of Criminal Appeals, a petitioner has one year after the issuance of a certificate of judgment by the Court of Criminal Appeals to file a Rule 32 petition. Ala. R. Crim. P. 32.2(c). If the conviction is not appealed to the Court of Criminal Appeals, a petitioner has one year from the deadline for filing a direct appeal to file a Rule 32 petition. *Id*. A petitioner has 42 days to appeal the denial of a Rule 32 petition. Ala. R. Crim. P. 32.10(a); Ala. R. App. P. 4(b)(1). A petitioner may also file a successive petition under Rule 32.1(f) seeking an out-of-time appeal from the dismissal or denial of a Rule 32 petition within six months from

the date he discovers the dismissal or denial if the failure to appeal was not due to the petitioner's fault. *See* Ala. R. Crim. P. 32.1(b) and 32.2(c).

## II. DISCUSSION

A petitioner must exhaust state court remedies before seeking relief through a federal habeas corpus petition. 28 U.S.C. § 2254(b)(1). This ensures the State has an "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *see also Castille v. Peoples*, 489 U.S. 346, 349 (1989).

To meet the exhaustion requirement, the federal habeas petitioner must have "'fairly presented' to the state courts the 'substance' of his federal habeas claim." *Lucas v. Sec'y, Dep't of Corrs.*, 682 F.3d 1342, 1353 (11th Cir. 2012) (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). In other words, he "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This one complete round can be satisfied either through a direct appeal to the Alabama appellate courts or through a post-conviction petition for collateral review under Rule 32 of the Alabama Rules of Criminal Procedure. *See Ward v. Hall*, 592 F.3d 1144, 1156 (11th Cir. 2010); *Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review to the Alabama Supreme Court. *See Smith v. Jones*, 256 F.3d 1135, 1140–41 (11th Cir. 2001); *see also Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004) ("A complete round of the state appellate process includes discretionary appellate review 'when that review is part of the ordinary appellate review procedure in the State.'"); *Wrenn v. Toney*, No. 21-13337-E, 2022 WL 966398, at *1 (11th Cir. Feb. 10, 2022) (finding claims procedurally barred because petitioner failed to exhaust claims, as he did not appeal denial of Rule 32 petition); *see also* Ala. R. Crim. P. 32.1(f), 32.2(c); Ala. R. App. P. 39 & 40.

Furthermore, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face, *see* 28 U.S.C. § 2254 Rule 4." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). The Eleventh Circuit has affirmed such *sua sponte* dismissals without prejudice for unexhausted habeas petitions. *See, e.g.*, *Esslinger v. Davis,* 44 F. 3d 1515, 1524 (11th Cir. 1995).

Based on a review of Mr. Sanders's § 2254 petition and his state court records, it is clear that he failed to exhaust state court remedies regarding the claims in his petition. Mr. Sanders was sentenced on August 15, 2023. He did not file a direct appeal but filed a timely Rule 32 petition on May 20, 2024. Following dismissal of

the petition on November 26, 2024, he filed an "appeal" with the Supreme Court of Alabama on December 12, 2024, but it was treated as a petition for writ of mandamus and dismissed on February 4, 2025, due to Mr. Sanders's failure to respond to the court's deficiency notice. Thus, the denial of Mr. Sanders's Rule 32 petition was not subjected to a "complete round of the state appellate process," and this court cannot address the merits of his § 2254 motion. Although Mr. Sanders's petition does not indicate when he learned of the dismissal of his Rule 32 petition, state court records show it was dismissed on November 26, 2024. It appears, therefore, that he is within the six-month deadline to file a successive petition under Rule 32.1(f) seeking an out-of-time appeal if the failure to appeal "was without fault on the petitioner's part." *See* Ala. R. Crim. P. 32.1(f).

### III. CONCLUSION

Accordingly, it is ORDERED that Mr. Sanders's petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction and sentence for enticing a child for immoral purposes imposed by the Circuit Court of Houston County, is DISMISSED without prejudice for failure to exhaust state court remedies.

It is further ORDERED that all pending motions are DENIED as moot.

Because Petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253, a certificate of appealability will not be issued.

Final judgment will be entered separated.

DONE this 29th day of April, 2025.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE